IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:11CR-3 |
| | § | |
| DAVID DUNN | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
### FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 6, 2012, alleging that the Defendant, David Dunn, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on June 16, 2011, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of escape from a residential reentry center, a class D felony. This offense carries a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of VI, was 15 to 21 months. The Defendant was sentenced to 15 months' imprisonment (to run consecutive with the imprisonment term imposed under ED/TX Docket no. 9:07CR0001) followed by 2 years of supervised release subject to the standard conditions

of release, plus special conditions to include: financial disclosure for the purposes of monitoring efforts to obtain and maintain lawful income, drug treatment with drug testing, and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on May 7, 2012, and began his term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on November 6, 2012, alleging seven violations:

Allegation 1: That the Defendant violated the mandatory condition that he not commit another federal, state, or local crime.

Allegation 2: That the Defendant violated the mandatory condition that he shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the Probation Officer.

Allegation 3: That the Defendant violated the standard condition that he shall report to the Probation Officer as directed by the Court or Probation Officer, and shall submit a truthful and complete written report within the first five days of each month.

Allegation 4: That the Defendant violated the standard condition that he shall notify the Probation Officer ten days prior to any change of residence or employment.

Allegation 5: That the Defendant violated the standard condition that he shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

Allegation 6: That the Defendant violated the standard condition that he shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and

Allegation 7: That the Defendant violated the special condition that he shall participate in a program of testing and treatment for substance abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the Probation Officer.

## IV. Proceedings

On November 9, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to Allegation 6, which asserted that he violated a standard condition of supervised release, to wit: "David Dunn was arrested on August 2, 2012, by the Hudson Police Department in Hudson, Texas, and charged with Evading Arrest (on view). He was released on August 3, 2012, after posting a $500 bond. Mr. Dunn has never notified the U.S. Probation Officer of this arrest. David Dunn was questioned by Lufkin Police Officer Cody Jackson on August 15, 2012, in regard to a suspicious person call. Mr. Dunn has never notified the U.S. Probation Officer of this contact with law enforcement."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment with no term of supervised release to be imposed after release.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant

violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class D felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment is more than 6 months but not more than ten months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to

be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. David Dunn owes a $100 special assessment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to notify his Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant repeatedly did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision.

As such, incarceration appropriately address the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of six (6) months' imprisonment. The undersigned finds this variance appropriate under the above factors due to the agreement by the Government and the Defendant's acceptance of responsibility in pleading true to allegation that he violated a condition of his supervision.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing notify his Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of six (6) months with no supervised release to follow. The undersigned notes that the Defendant requested to serve his term of imprisonment at the Beaumont FCI facility.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as

recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 13th day of November, 2012.

_____
Zack Hawthorn
United States Magistrate Judge